IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 4:14-CR-111-Y<br>ECF |
| MARK ANTHONY PAPE (01) | |

GOVERNMENT'S NOTICE OF 404(b), 414, AND OTHER CONDUCT

TO THE HONORABLE TERRY R. MEANS, UNITED STATES DISTRICT JUDGE:

The United States, acting by and through the undersigned Assistant United States Attorney for the Northern District of Texas, hereby submits this Notice of 404(b) and Other Conduct:

**Introduction**

The government charged Mark Anthony Pape by superseding indictment with two counts of Sexual Exploitation of a Minor, a violation of 18 U.S.C. § 2251; one count of Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252; and two counts of committing child exploitation offenses while registered as a sex offender. In trial, the government anticipates the possibility that it may introduce (1) evidence of other images of the same minors charged in each count; (2) evidence of defendant's interest in minors; and (3) evidence of Pape's prior conviction involving the sexual contact with a minor.

**Notice of Rule 414, 404(b) Evidence - Page 1**

As will be explained below, the evidence to be introduced is either admissible as intrinsic to Pape's charged conduct or is admissible pursuant to Rule 414 or other the rules of evidence to prove identity, knowledge, intent, absence of mistake or accident and proof of motive, not to show Pape's bad character or to show propensity.

**<u>Notice</u>**

Specifically, the government anticipates introduction of the following evidence:

1. Other images of Jane Doe, a minor victim depicted in counts one through three of the indictment, which were located on Pape's phone and other computer devices.

2. Additional images of other minors who appear in Count Three of the indictment, which were located on a Kingston thumbdrive and other computer devices.

3. Additional child pornography images and testimony regarding numerous other sexually explicit images of minors located on Pape's phone and on computer media seized from Pape's home.

4. Evidence regarding Pape's use of a Google email account, lilvaglvr@gmail.com, and an upload of an image of child pornography to Google servers from that account.

5. Pape's distribution of images, to include those of Jane Doe, and his use of a file-sharing program that permitted Pape to view child pornography collections of other users and that permitted Pape to share his collection with other users.

6. Pape's use of the screen name "lilvaglvr" on another child pornography website where he posted his interest in trading child pornography images.

7. Statements made to other inmates that Pape had molested Jane Doe and other minor females in the neighborhood.

8. Pape's conviction for indecency with a child and the underlying facts regarding the offense, which involve the molestation of a four-year-old child.

9. Pape's efforts to ask people to lie for him at trial.

**Notice of Rule 414, 404(b) Evidence - Page 2**

The United States reserves the right to make further disclosures at a later date, but prior to trial, in the event that additional misconduct on the part of the defendant is discovered.

**Relevant Facts**

Google, an Internet Service Provider, identified an image of child pornography that was uploaded to its servers on February 4, 2014, from Google email account "lilvaglvr@gmail.com" and sent the information to NCMEC's Cyber Tip line.  In addition to a copy of the image, Google provided the IP address 97.93.255.238, which was associated with the account user's log ins and with the February 4th upload of child pornography.  Once the IP address was traced to Pape's residence, Fort Worth Police obtained a search warrant for the residence, and on April 9, 2014, officers seized from the residence computers, electronic storage media, and microSD cards.  Pape, who was not initially present when officers executed the search warrant, arrived while the search was in progress; a Huawei My Touch cell phone was seized from him.  Officer Martinez and a CPS worker interviewed Pape on the front porch, where Pape admitted that he used the gmail account "lilvaglvr" and that officers would find child pornography on items taken from his home.

**Argument and Authorities**

As part of its case in chief, the government must prove for counts One and Two that Pape knowingly used a minor to produce sexually explicit depictions of that minor.

In Count Three, the government must show that the defendant knowingly possessed visual depictions of a minor engaged in sexually explicit conduct.

The government submits that all the evidence described below is relevant to show (1) that Pape was the individual who committed the crimes with which he has been charged; (2) that he acted knowingly; and (3) that the images he possessed depicted real minors engaged in sexually explicit conduct.

Although Pape confessed to distribution and possession of child pornography to Officer Martinez and confessed to producing sexually explicit images of Jane Doe to Special Agent Amanda Johnson, Pape now challenges those statements as either subject to suppression after an illegal search or as involuntarily obtained and a product of coercion. Additionally, there is also an indication that Pape may try to accuse another person or persons for the crimes with which he is charged. To prove its case beyond a reasonable doubt and to rebut those potential defenses, the government will need to introduce the proposed evidence described herein.

1. **Admissibility under Rule 402**

Uncharged images, testimony regarding the existence of any or all uncharged child pornography files, including relevant file names and directory folders, are admissible under FED. R. EVID. 402. *See*, *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991) ("Evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b).") ; *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997) ("Evidence of

criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense,. . . if it was inextricably intertwined with the evidence regarding the charged offense, . . . or if it is necessary to complete the story of the crime of the trial . . . .")(internal citations omitted).

The evidence described below is intended to prove essential elements of the offenses charged against Pape. The forensic evidence shows that most of the produced images and videos as well as the child pornography images of other minors were deleted before Officer Martinez was able to execute a search warrant at Pape's home. As a result, some of the critical metadata associated with images, to include file structures and dates, no longer exists. In order to prove when and how the offenses occurred, along with the defendant's knowledge of the contents of his storage devices, the government intends to introduce other evidence regarding other images that connect Pape to the offense or that establish the victims' identity and status as a minor.

### a. **Evidence of other pictures of Jane Doe**

The proposed images of Jane Doe arise out of the same transactions as the charged images, were taken in succession with the charged conduct, provide identification of the minor or of the defendant, and constitute evidence that the defendant knowingly used a minor to produce visual depictions of the minor engaged in sexually explicit conduct.

Additionally, Pape used his Huawei My Touch cell phone to take the sexually explicit image and videos of Jane Doe that appear in Count One. Still images produced contemporaneously with the videos contain metadata that establish the device used to take the images and the videos.

The second count involves a deleted depiction of Jane Doe that was taken with a Sanyo camera. The forensic examination revealed the presence of an indexed file containing a series of thumbnail images to include the charged, deleted, image as well as other sexually explicit images of Jane Doe. This file assisted the forensic examiner with a date range regarding the offense date and the device used to produce the deleted image of Jane Doe. Similarly, the government will introduce other images of Jane Doe, which were not pornographic in nature, to establish that the camera used to produce the image in Count Two was a Sanyo.

In addition to the depictions charged in Count One and Count Two, an image of Jane Doe also appears in Count Three of the indictment. That image depicts only the defendant's fingers and the minor's genitals. To establish that the image depicts a real minor, the government may rely on other images that confirm Jane Doe's identity, which would constitute evidence that the defendant "knowingly" possessed the image and that he knew the sexually explicit content of the image.

**b.     Admissibility of images of other minors – proof of real minors**

In addition to the image of Jane Doe in Count Three, the government has charged two images of a different minor and one video of a third minor.

**Notice of Rule 414, 404(b) Evidence - Page 6**

Count Three also requires jurors to determine whether the images and video depict prepubescent minors. The still images may not provide sufficient information to establish that element beyond a reasonable doubt; however, the government intends to offer other images of the same victim to prove that she is in fact a prepubescent minor. The images also prove that the charged depictions involve a real person and that the defendant knew of the character and content of the material. Although more than 100 depictions of this minor were located on Pape's computer devices, the government expects to offer less than five additional images of the victim to establish her status as a minor and to establish that she is a real person. The government may introduce testimony that the defendant possessed many more images of this victim to establish his "knowing" possession of child pornography. The government anticipates introduction of one other image of the child depicted in the video to support the conclusion that she is in fact a real person.

      **c.    Additional images and testimony regarding the presence of other child pornography – proof of knowing possession**

While the forensic examiner was analyzing all of the devices that were seized from Pape's residence, he found other images of Jane Doe as well as numerous images of child pornography on multiple devices. The government submits additional images of child pornography and testimony about other images is relevant to establish defendant's knowledge and is part of, or inextricably intertwined with, the same conduct charged in the indictment.

**Notice of Rule 414, 404(b) Evidence - Page 7**

Images of minors provide evidence that the defendant knew the contents of the charged image files, – *i.e.*, that they depicted minors engaged in sexually explicit conduct. *See, United States v. Layne*, 43 F.3d 127, 131 (5th Cir. 1995) (admission of additional images provides a "reasonable basis" for the jury to determine that the defendant knew the images he sent were visual depictions of minors and that he had an interest in child pornography). The same evidence also connects Pape to the charged crimes, since he had physical possession of the cell phone containing one of the charged videos in Count One, and since much of the child pornography was found on items located in his bedroom.

Because the government may introduce only a few additional images rather than all the uncharged images, the prejudicial value will not substantially outweigh the probative value of the evidence.

### d. Evidence of Google upload, email account user "lilvaglvr" – proof of identity

In order to explain how Fort Worth Police arrived at Pape's home, Officer Martinez will testify about the Google tip that he received, the image of child pornography that he viewed, and the Google account name, "lilvaglvr," associated with Pape's upload of child pornography onto Google servers. It not only completes the story of how officers came into contact with Pape, but it also provides context to Pape's own admissions—that he was "lilvaglvr," that he had uploaded the child pornography image identified by Google, and that officers would find other child pornography in his home.

**Notice of Rule 414, 404(b) Evidence - Page 8**

This evidence also establishes that Pape "knowingly" possessed child pornography as charged in Count Three.

**2.     Evidence of knowledge, intent, absence of mistake or accident**

While all the previously described evidence should be admitted as inextricably intertwined with the charged offenses or as necessary to complete the story of the offenses Pape committed, it should also be admitted pursuant to FED. R. EVID. 404(b) if the Court concluded that the evidence was extrinsic to the charged offenses.

For extrinsic evidence to be admissible, it must first be relevant to an issue other than the defendant's character and, second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice as well as meet the other requirements of rule 403.  *United States v. Caldwell*, 586 F.3d 338, 345 (5th Cir. 2009)(internal citations omitted); *United States v. Beechum*, 582 F2d.898, 911 (5th Cir. 1978).  Relevant evidence may be inherently prejudicial, but "it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."  *United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983).

By pleading not guilty in this case, Pape has placed in issue his intent to "knowingly" use a minor for the purpose of producing a visual depiction of the minor engaged in sexually explicit conduct.  *See*, *United States v. Doggett*, 230 F.3d 160, 167 (5th Cir. 2000) (recognizing that by pleading not guilty to a conspiracy charge, the defendant placed motive, intent, knowledge, and absence of mistake at issue).

Although Pape has made incriminating statements to law enforcement, he has challenged the admissibility and the weight to be given to those statements, increasing the necessity of introducing other corroborative evidence. Additionally, there is some indication that Pape may try to accuse others of committing the crime.

Another way, then, for the government to prove knowledge is through the introduction of circumstantial evidence, such as the numbers and types of other images present on Pape's phone and other devices taken from his home. This type of evidence is probative of the defendant's knowledge regarding the character and content of the images, to establish the identity of the perpetrator, and to prove that the Pape's possession of images and production of child pornography was not an accident or mistake. Under a 403 balancing test, the evidence the government seeks to offer is highly probative and not unfairly prejudicial.

      **a.**     **Evidence of Pape's use of file-sharing software and distribution of child pornography – proof of knowledge**

In addition to the previously described evidence, the government intends to offer evidence of Pape sharing images of child pornography with others as evidence of Pape's "knowing" conduct. This evidence, along with other corroborative evidence found on Pape's computers, also confirms his identity as the perpetrator. Moreover, it is especially relevant to establish that Pape was the knowing possessor of child pornography, because when Pape thought he had been caught committing child

**Notice of Rule 414, 404(b) Evidence - Page 10**

exploitative offenses, he deleted evidence from most of his devices before Officer Martinez had executed a search warrant at his home.

Pape told Special Agent Johnson that he had distributed a video of Jane Doe engaged in sexually explicit conduct. He also told both Officer Martinez and SA Johnson that he used "team viewer," a program that permits users to view the contents of another user's computer. The program allowed Pape to share his child pornography and to view child pornography collections of others. At the same time that Fort Worth Police and local HSI agents were investigating Pape, SA Johnson learned that the Cyber Crimes Center in Virginia had identified Pape as creating a profile on a known child pornography website. The profile description identifies the user as "Bob Duncan," with a screen name of "lilvaglvr," requesting hard core child pornography involving 5 to 10 year old children. Pape told both Officer Martinez and SA Johnson about his participation in this website, where he traded child pornography.

**3.     Prior sexual misconduct with a four-year-old minor and related conviction**

In 2006, Pape was convicted of indecency with a child. The minor was Pape's sister by adoption. The government intends to introduce evidence regarding Pape's conviction in support of two counts in the Indictment charging him with committing sexual exploitation of children crimes while he was required to register as a sex offender.

The government also may introduce facts regarding the underlying offense of conviction, which involve Pape molesting his then four-year-old sister—a different victim than Jane Doe.

**Notice of Rule 414, 404(b) Evidence - Page 11**

"Prior instances of sexual misconduct with a child victim may also establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children....It also may serve to identify the defendant to the crime." *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (internal citation omitted).

This evidence is also admissible as substantive evidence under Rule 414. Where a defendant is accused of child molestation, the Court may permit introduction of evidence that a defendant committed "any other child molestation." Fed. R. Evid. R. 414(a). An accusation of "child molestation" includes conduct prohibited in United States Code Title 18, Chapter 110. Fed. R. Evid. R 414(d)(2)(B). The offenses charged in the indictment are violations of 18 U.S.C. §§ 2251 and 2252, which fall under Chapter 110 of Title 18 of the United States Code. "Child" is defined as a person younger than 14; "child molestation" also includes contact between any part of the defendant's body—or an object—and a child's genitals or anus. Fed. R. Evid. R 414(d). Pape's sister was four years old when Pape engaged in sexual contact with her.

Evidence of molestations or sexual contact has been admitted pursuant to Rule 414 in other child pornography trials. In one trial for the offenses of receipt and possession of child pornography, a defendant's admissions of molesting his niece were introduced. *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012). The Eleventh Circuit first determined Rule 414 permitted evidence of other molestations where the charged offenses involved child pornography. *Woods*, 684 F.3d at 1064.

**Notice of Rule 414, 404(b) Evidence - Page 12**

The Court then determined the defendant's admissions would be proper "so long as this evidence satisfied the other Rules of Evidence, including Rule 403." *Woods*, 684 F.3d at 1064 (internal citation omitted).  In an unpublished opinion, the Fifth Circuit also found evidence of molestations admissible in a child pornography case.  *United States v. Moore*, 425 Fed.Appx. 347, 352 (5th Cir. 2011).  In that case, the government sought to introduce evidence to show the defendant's sexual interest in children.  *Moore*, 425 Fed. Appx. at 352.  The Fifth Circuit found no abuse of discretion where the district court conducted a Rule 403 analysis and concluded that the prejudicial effect was limited because of the similarity of the mental states involved in both crimes and because the proposed testimony was not graphic or extensive, was subject to cross examination, and finally, the defense could present rebuttal witnesses.  *Moore*, 425 Fed. Appx. at 352.

Although Pape has confessed to the commission of sexually exploiting Jane Doe, he has challenged the admissibility of his statements.  If those statements are attacked by the defendant in trial, or if the Court rules that any of the statements are inadmissible, introduction of this evidence becomes highly probative and less likely to be unfairly prejudicial.  Moreover, Pape's interest in minors is relevant to establish (1) his identity as the perpetrator in the charged crimes where his face is not visible; (2) his knowledge that the charged images involved minors engaged in sexually explicit conduct; and (3) his use of a minor to produce a sexually explicit visual depiction.

**Notice of Rule 414, 404(b) Evidence - Page 13**

Also while the investigation related to the Google tip was proceeding, other Fort Worth Police officers were investigating allegations that Pape had committed indecency with a child offenses against neighborhood children younger than 14. There was also an allegation that Pape had shown a minor male images of child pornography. The indecency charges are currently pending in Tarrant County; however, Pape told several inmates while he was federally detained that he had molested a number of children, including the neighborhood child. The government may offer testimony regarding these offenses or may use this information as a basis for impeachment if the defendant opens the door to this line of questioning.

4.     **Evidence of witness tampering**

Pape also has asked potential witnesses lie in court. The government may use this evidence for impeachment purposes.

## Conclusion

The government seeks to introduce evidence and testimony regarding other images of Jane Doe and other minor victims as inextricably intertwined with the offenses charged in the indictment. Additionally, that evidence as well as evidence of Pape's interest in minors—as demonstrated in his profile soliciting hard core child pornography of young minors, his collection of child pornography images, his prior conviction and current charges involving the exploitation of a minor females, are all admissible under Rule 404(b) and/or Rule 414.

**Notice of Rule 414, 404(b) Evidence - Page 14**

Finally, all the evidence regarding Pape's exploitation of children as it relates to molestations and production of child pornography are relevant and probative to establish Pape's commission of offenses charged pursuant to 18 U.S.C. § 2260A.

Because all of the exhibits and testimony the government seeks to offer is highly probative of the essential elements of each charged crime and is not substantially outweighed by any prejudice to the defendant, the government seeks to introduce the above-described evidence.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

*/s/ Aisha Saleem*
AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile:  817-252-5455
Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of February, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means: John Stickels.

*/s/ Aisha Saleem*
AISHA SALEEM
Assistant United States Attorney

**Notice of Rule 414, 404(b) Evidence - Page 15**