```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | ACTION NO. 4:14-CR-111-Y |
| | § | |
| MARK ANTHONY PAPE (1) | § | |

## ORDER DENYING SUPPRESSION MOTIONS

Pending before the Court are Defendant's Motion to Suppress Illegally Obtained Evidence and the Fruits Thereof (doc. 53) and his Motion to Suppress Confession (doc. 55). After review of the motions, the related briefs, and the evidence presented at the February 17, 2015 hearing on the motions, the Court concludes that the motions should be and hereby are DENIED.

For the reasons indicated on the record at the hearing, the Court concludes that the search warrant affidavit established probable cause to search the mobile home at issue, and the list of items as to which the warrant authorized seizure included the cell phone of "any other person at the residence." As a result, the officer's seizure of Defendant's cell phone while Defendant was standing on the mobile home's front porch was sanctioned by the warrant. And in any event, the officers conducting the search and seizure acted in objectively reasonable reliance on the warrant and were entitled to rely in good faith on the warrant's validity. *See U.S. v. Leon*, 468 U.S. 897, 922 (1984); *U.S. v. Gant*, 759 F2d 484, 487 (1985).

The Court further finds that Defendant's statements made to special agent Johnson were knowingly and voluntarily made. Defendant

was read and given an opportunity to review his *Miranda* rights before each of his statements were made, and he indicated that he understood his rights and agreed to waive them. Defendant spoke and understood English, had graduated from high school, had prior experience with the criminal-justice system, and did not appear to be under the influence of alcohol or drugs.  All of these facts militate toward a finding that Defendant's statements were voluntarily given.  And the agent's statement that she would point out Defendant's lack of cooperation to others if he failed to cooperate did not render his statements involuntary due to coercion. *See U.S. Kolodziej*, 706 U.S. 590, 594 (5th Cir. 1983) ("Involuntariness is present if there are threats or promises of illegitimate action.") *see also U.S. v. Frazier*, 434 F.2d 994, (5th Cir. 1970) (concluding "confession was not involuntary by reason of the single fact that the FBI agents told [the defendant] that if he cooperated with them his cooperation would be made known to the United States Attorney").

   SIGNED February 18, 2015.

					/s/ Terry R. Means
					TERRY R. MEANS
					UNITED STATES DISTRICT JUDGE